First case on today's docket is the case of Cunningham v. Rednour. We have Curtis Blood and Mr. Reeves Bentley. So you may proceed, Mr. Blood. Thank you, Your Honor. May it please the Court, Counsel. My name is Curtis Blood, for the record, and my client today is Howard Cunningham. He's a prisoner at our correctional center. And we're here on the dismissal of his petition for state habeas corpus. And we're asking this Court to reverse that dismissal and to amend his habeas corpus proceeding for further proceedings. Mr. Cunningham pleaded guilty of mentally ill to a series of felonies in 1991. And this is his fourth time before this Court in his direct appeal and two post-conviction proceedings dismissed and appealed. So this is his fourth trip. And while Mr. Cunningham was at Menard, he came to question the authority of the state's attorney to prosecute him. And did some research on that subject. And while doing that, he came across a court of claims case in which it appeared that the attorney general had taken the position that the state's attorney was not an agent of the state. Now, Mr. Cunningham put together a pro se habeas corpus petition, basically on two propositions. As his attorney, what do you think of the merit of that argument? Well, of course, I wasn't involved in it until this Court had already stricken his brief, Your Honor, at which point I got involved. But when I saw it, I thought that the first proposition was untenable. I didn't think that the state's attorney was without authority to prosecute Cunningham. The second proposition, the estoppel proposition, was harder to knock out. And that's what I took a hard look at. Why did the state, why did the attorney general at Hockenberry argue that the state's attorney was not an agent of the state? I can't answer that. I don't know how to answer that. This Court will have to find an answer to that. But I don't know what it is. It, as estoppel, I mean, there's five propositions that go to make estoppel. And the use of that argument by the attorney general at Hockenberry seems to match all five. The state comes back with, well, latches. He could have done this before. But the fact is, we can't tell on this record when my then-prose client came up with this, with Hockenberry. We just don't know. So the maxim that one cannot sleep on his rights, well, the other part is you can't sleep on rights you don't know you have. So when did he find this out? I don't know. So, like I say, that's basically why we're here, is the estoppel is the stick issue. That's the one that's hard to knock out. As far as Well, I think that the Court understands the argument. It's simple. It does not need to be law. I don't wish to debate it. We would ask that this Court remand the case if for no other reason than to find out more about Hockenberry, which is rather scant on the record. Certainly, the fact that we don't know as much about Hockenberry as we could, there's no reason to dismiss the case as legal. And we'd ask it for no other reason than it be remanded to a certain court to inquire as to exactly what happened. If there are no questions. I don't think so. Thank you. Mr. Fenton. Good morning. Good morning to the Court, Counsel. My name is Ross Fenton, Assistant Attorney General, and I'm here on behalf of the appellate. The plaintiff cannot satisfy Article 10's strict requirements. Therefore, he is not entitled to habeas court. That's all this Court need consider. Moreover, as he's just admitted, his claim that the State's Attorney didn't have the legal right to charge or prosecute him is really without merit. And his estoppel argument fails because judicial estoppel doesn't apply here. For these reasons, this Court should affirm. I'd like to take a step back and discuss why we're here in the first place. This is a habeas corpus complaint. Habeas corpus is an extremely limited remedy. The Supreme Court has said this repeatedly. Beecham, Hennings, Gaugier. Even if the State had not responded to the complaint, the burden is always on the plaintiff to demonstrate entitlement to habeas relief. The circuit court found from the face of this complaint the plaintiff had not stated a proper cause of action. This was a correct holding. The plaintiff is only entitled to habeas relief if the trial court lacked subject matter or personal jurisdiction over him or a post-conviction occurrence allows for immediate release. Neither is present here. The trial court had jurisdiction in the underlying criminal action. Charges were filed, the plaintiff appeared, and he pled guilty. And that jurisdiction is confirmed by the Illinois Constitution, not by any actions of a prosecuting body. The plaintiff doesn't dispute this. He is attacking the State's attorney's right to try the case, not the trial court's right to hear the case. That's from his docketing statement to this Court, the record, page 60. In other words, he is not challenging the trial court's underlying jurisdiction, the central precept for habeas relief. Nor is there a post-conviction occurrence. The plaintiff is complaining of events at the pretrial and plea stages. Thus, neither prong is met, and this Court need not consider the remaining arguments since the plaintiff is not entitled to habeas relief. His other arguments are meritless as well. He's already admitted that his argument that the State's attorney lacked merit to prosecute him is untenable. But his judicial estoppel argument is meritless as well because judicial estoppel is not applicable here. Judicial estoppel prevents a party from assuming a contrary, sworn, factual position in a later proceeding when the party took two positions that are inconsistent in separate proceedings for the truth of a fact alleged, and that party benefited in an earlier proceeding. Judicial estoppel does not go to legal positions, such as the relationship of the parties, but only to factual inconsistencies made under oath. There is no showing that the State took two factually inconsistent positions in the Court of Claims. This Court has to remember that was a Court of Claims case. A Court of Claims hears cases seeking monetary damages from the State. It wasn't even a decision on the merits. It was an order asking that the plaintiff in that case withdraw his complaint. All the State said in that case is that assistant State's attorneys are county employees for the purposes of Court of Claims cases, which is a correct statement of law in the Court of Claims. The Court of Claims holds that counties, not states, are responsible for damages in the course of a State's attorney's duties. It lacks jurisdiction over the State's attorney. But ultimately, even though it has no merit whatsoever, estoppel has no merit on this case. The plaintiff did not demonstrate through his complaint that he's entitled to relief under Article 10, and the State's attorney of Marion County had every right to prosecute him under Illinois law. The circuit court was corrected and told that the plaintiff had not stated a proper cause of action, and that's the only issue before you in this appeal. This Court should affirm that dismissal. And if the Court has no further questions, I thank you. Thank you, Mr. Bentley. Mr. Blood, do you have any rebuttal? No, Your Honor. I will not. And I discard neither of you, Your Honor. Thank you, Mr. Blood. Thank you, Mr. Bentley. I take the matter under discussion.